UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SPILIOS PAPPAS (D3),

    Defendant.

_____/

Case No. 17-cr-20465

Hon. Denise Page Hood

**ORDER DENYING DEFENDANT'S
MOTION FOR BOND PENDING APPEAL [ECF No. 759]**

**I.     INTRODUCTION**

On February 4, 2020, following a three-week trial, a jury returned a verdict of guilty against Defendant on: (1) Count I, for conspiracy to commit health care and wire fraud; and (2) Count II, for health care fraud.  The jury also convicted three co-defendants for like crimes.  The jury deliberated for less than four hours.  On March 9, 2022, Defendant was sentenced to 108 months in prison.  Judgment was entered on July 7, 2022. ECF No. 741.

On August 30, 2022, Defendant filed a Motion for Bond Pending Appeal. ECF No. 759.  The Government filed a response brief.  Defendant contends that he has satisfied the requirements of 18 U.S.C. § 3143(b)(1) and "has clearly shown there

1

are exceptional reasons why his detention pending his appeal is inappropriate." The Court disagrees and, for the reasons set forth below, the Motion is denied.

## II. ANALYSIS

Defendant asserts that the Court has determined on multiple occasions that he is not a flight risk or a danger to the community and has allowed Defendant to remain on bond throughout this case. It is true that Defendant has remained on bond even after his conviction was announced and his sentence was imposed, but the Court is not persuaded that those circumstances warrant continued bond pending appeal.

Defendant next argues that an appeal raises a substantial question when it presents a "close question or one that could go either way" and "is so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *United States v. Pollard*, 778 F.2d 1177 (6th Cir. 1985). Defendant indicates that there are three close questions that could go either way that are integral to the merits of his conviction, such that bond pending appeal is appropriate. The Court is mindful, however, that "[i]t is not sufficient to show simply that reasonable judges could differ . . . or that the issue is fairly debatable or not frivolous." *United States v. Persaud*, 2016 WL 1558618, at *2 (N.D. Ohio Apr. 18, 2016) (quoting *United States v. Powell*, 761 F.2d 1227, 1234 (8th Cir. 1985).

### A. Proposed Witness Angela Vann

Defendant argues that the Court's refusal to allow Angela Vann to testify as a witness was significant because she would have testified that Defendant did not treat all his patients the same way. The Court addressed this issue numerous times, including before trial, at trial, and when denying Defendant's motion for new trial. ECF No. 694. The Court considered and rejected Defendant's argument each time, and it need not – and will not – address the issue again at this time. For the reasons stated by the Court previously, including at ECF No. 694, PageID.9842-46, the Court rejects Defendant's argument regarding Angela Vann. And, more importantly for purposes of the instant Motion, the Court concludes that this issue, even if decided in Defendant's favor, would not be "so integral to the merits of the conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard, supra*. The Court concludes that the Angela Vann argument does not support allowing Defendant to remain on bond pending appeal.

> B. *Court's Use of Intended Loss Amount and Conduct for Which Defendant Was Not Criminally Culpable*

Defendant contends the Court erred when it: (1) used the intended loss amount when calculating Defendant's sentence; and (2) included conduct for which Defendant was not criminally culpable when formulating Defendant's sentence. The Court squarely and extensively addressed both of these issues at sentencing, ultimately rejecting both of them. The Court does not find that either argument

3

constitutes a close question that could go either way or supports Defendant's release on bond pending appeal.

First, neither of these arguments is relevant to whether Defendant's convictions were meritorious because the arguments pertain to sentencing issues. Accordingly, even if successful, the arguments do not challenge the guilty verdicts against Defendant on Counts I and II. *Pollard, supra*. So, even if Defendant is correct with respect to both arguments, the jury's finding that Defendant was guilty on Counts I and II would not be altered or reversed.

Second, the Court addressed the issue of intended loss amount at sentencing. Even if the Defendant's calculation based on actual loss rather than intended loss was used, Defendant would be facing a significant advisory guideline sentence in excess of 100 months. As to Defendant's contention that he is not liable for fraudulent conduct that occurred prior to 2016, the evidence at trial was significant that Defendant was aware of fraud long before the date (June 2016) he claims is the earliest he could be attributed to have knowledge of fraud.

Third, the advisory guideline sentence for the conspiracy to commit health care and wire fraud and for health care fraud convictions, even if using the loss amounts and conduct desired by Defendant, would result in a sentence well in excess of the time required for Defendant's appeal to the Sixth Circuit (and, if applicable, the U.S. Supreme Court).

4

*C. Conclusion*

The Court finds no merit in any of Defendant's arguments, nor does the Court believe that there is a reasonable likelihood that the Sixth Circuit Court of Appeals will reverse the Court's determinations with respect to the issues Defendant argues in his Motion. For the reasons set forth in the Court's May 12, 2022 Order Denying Motions for New Trial, ECF No. 694, as well as the reasons set forth by the Court at Defendant's February 9, 2022 and March 9, 2022 sentencing hearings (*see* ECF Nos. 736 and 737 for transcripts), the Court finds that the grounds for bond pending appeal raised in the Motion lack merit. The Court therefore denies Defendant's Motion for Bond Pending Appeal.

### III.   CONCLUSION

Accordingly, for the reasons set forth above,

IT IS ORDERED that Defendant's Motion for Bond Pending Appeal, ECF No. 759, is DENIED.

IT IS FURTHER ORDERED that Defendant shall report to the Bureau of Prisons on October 12, 2022, at the time and place designated by the Bureau of Prisons.

Dated: October 3, 2022        s/Denise Page Hood
                              HON. DENISE PAGE HOOD
                              United States District Court Judge